1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Khalaf Hammo,                              No. CV-18-02691-PHX-JAT

10                  Plaintiff,                   **ORDER**

11   v.

12   Federal Bureau of Investigations,

13                  Defendant.

14

15           Pending before the Court is Plaintiff's application to proceed in forma pauperis.

16   In 28 U.S.C. § 1915(e)(2),

17           Congress provided with respect to in forma pauperis cases that a
     district court "shall dismiss the case at any time if the court determines"
18   that the "allegation of poverty is untrue" or that the "action or appeal" is
     "frivolous or malicious," "fails to state a claim on which relief may be
19   granted," or "seeks monetary relief against a defendant who is immune
     from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915
20   outlines how prisoners can file proceedings in forma pauperis, section
     1915(e) applies to all in forma pauperis proceedings, not just those filed by
21   prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section
     1915(e) applies to all in forma pauperis complaints"). "It is also clear that
22   section 1915(e) not only permits but requires a district court to dismiss an
     in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this
23   court must dismiss an in forma pauperis complaint if it fails to state a claim
     or if it is frivolous or malicious.
24   …
         A claim must be stated clearly enough to enable a defendant to
25   frame a responsive pleading. A complaint must contain "a short and plain
     statement of the claim showing that the pleader is entitled to relief." Fed.
26   R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and
     direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of
27   a cause of action present but scattered throughout the complaint and not
     organized into a "short and plain statement of the claim" may be dismissed
28   for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d
     635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, \*2-\*3 (D. Ariz. 2005).

Here, it appears that both the allegation of poverty is untrue and the complaint fails to state a claim on which relief can be granted. First, Plaintiff states that he and his spouse, in a community property state, make a combined $2,700.00 per month and have $1,691.00 in expenses. (Doc. 2). This would leave sufficient funds after expenses to pay the filing fee. Accordingly, the request to proceed in forma pauperis will be denied.

Second, the total allegations in the complaint are, "right violated" (Doc. 1 at 3), "damaged my reputation and hurt me [psychologically]" (Doc. 1 at 3) and "asking for justice and compensation for what they caused to my future and to myself." (Doc. 1 at 4). These allegations are inadequate to meet Federal Rule of Civil Procedure 8's pleading standard. Thus, the complaint fails to state a claim. However, because the Court will deny the request to proceed in forma pauperis, the Court will not dismiss the complaint on this alternative basis.

Based on the foregoing,

**IT IS ORDERED** that the application for leave to proceed in forma pauperis (Doc. 2) is denied. Plaintiff has 14 days to pay the filing fee or the Clerk of the Court shall dismiss this case, without prejudice, and enter judgment accordingly.

Dated this 28th day of August, 2018.

James A. Teilborg
Senior United States District Judge